IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:14-CV-248-BO

| | |
|---|---|
| DERICK SIMMONS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CLINTON POLICE DEPARTMENT, )<br>UNKNOWN NAMED OFFICER in his )<br>individual and official capacity, and the CITY )<br>OF CLINTON, )<br>)<br>Defendants. ) | **ORDER** |

This matter is before the Court for frivolity review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the matter is DISMISSED AS FRIVOLOUS.

## BACKGROUND

Plaintiff filed his complaint on October 27, 2014. The complaint brings an action under 42 U.S.C. § 1983 for violations of plaintiff's Fourth and Eighth Amendment rights. Plaintiff alleges that, while sitting with his uncle and three friends, the police stormed into the house. Then, he alleges, that he was unnecessarily struck in the head with an unknown Clinton Police Officer's service weapon rendering him unconscious. He then states that the police officers claimed to have found crack cocaine on his person while searching him while he was unconscious. He states that he did not have crack cocaine on his person. Plaintiff was then arrested and taken to the hospital where he received five stitches in his head.

Plaintiff claims to have cooperated with two Clinton Police Department officers who were investigating the situation that resulted in his head injury. Later the investigation was dropped and the charges against plaintiff for the crack cocaine were dismissed. Plaintiff claims to have received a letter from the Clinton Police Department that stated that the officer had

admitted to using excessive force, but had denied striking plaintiff with his weapon. Plaintiff states that he has been unable to learn the name of the police officer who struck him and that the Clinton Police Department has not provided him with that information. As a result of his injury, plaintiff alleges that he has to take medication for migraine headaches.

Plaintiff seeks a declaration from the Court that the acts of the officer were unfair and deceptive and violated his rights, compensatory and punitive damages of $900,000, and costs taxed to defendants.

## DISCUSSION

Where, as here, a prisoner seeks redress from a governmental officer in a civil action the Court must review the complaint and dismiss the complaint if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915A. A case is frivolous if it lacks an arguable basis in either law or fact. *See Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). Pleadings drafted by *pro se* litigants are held to a less stringent standard than those drafted by attorneys and the Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994).

The complaint fails to state a claim against the Clinton Police Department. A police department is not a proper defendant in a § 1983 action. *See Moore v. City of Asheville, N.C.*, 290 F. Supp. 2d 664, 673 (W.D.N.C. 2003) (dismissing all claims against the Asheville Police

Department "because, under North Carolina law, the Asheville Police Department is not a 'person' and, therefore, lacks the capacity to be sued" (citing *Coleman v. Cooper*, 366 S.E.2d 2, 5 (N.C. App. 1988), *overruled on other grounds by Meyer v. Walls*, 489 S.E.2d 880 (N.C. 1997))); *see also Jackson v. Wilkes Cnty.*, 2012 WL 4753304, at *3 (W.D.N.C. 28 Sept. 2012) (dismissing § 1983 claims against Wilkesboro Police Department because it is not a suable entity).

While as a municipality the City of Clinton can be a proper defendant in a § 1983 action, plaintiff fails to state a claim against it. Plaintiff alleges that the City has liability apparently on the grounds that it is responsible for the actions of its employees. However, liability cannot rest on *respondeat superior* in § 1983 cases. *See Boswell v. Bullock*, 2012 WL 2920036, at *11 (E.D.N.C. July 17, 2012) ("Although a local government entity may be held liable under § 1983, it is well settled that a local government entity cannot be held liable under § 1983 on a *respondeat superior* theory." (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91)). Accordingly, plaintiff has failed to state a claim against the City of Clinton.

When an officer is sued in his official capacity, the suit is treated as a claim against the governmental unit employing him, in this case the City of Clinton. However, in an action against a governmental entity claiming violations of § 1983, the governmental entity is only held liable for constitutional deprivations that result from the entity's policies or customs. *Monell*, 436 U.S. at 694. Here, plaintiff does not mention any sort of governmental policy or custom and therefore his claim against the unknown officer in his official capacity fails to state a claim and must be dismissed.

The claims against the unknown officer in his individual capacity are simply "'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'" *McLean v. United States*, 566

3

Case 7:14-cv-00248-BO   Document 8   Filed 12/12/14   Page 3 of 4

F.3d at 399. Plaintiff, without any support whatsoever alleges that an officer knocked him out by hitting him with his service weapon for no reason and then planted an amount of crack cocaine on his person. Such a bare allegation clearly falls within *McLean*'s definition of frivolity. Accordingly this claim too is dismissed. As plaintiff has no surviving claims, the entire matter is DISMISSED AS FRIVOLOUS. The Clerk is DIRECTED to close the file.

SO ORDERED.

This the 9 day of December, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4